IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

TRAVIS ORLANDER DUSENBURY, )
)
        Petitioner, )
)
        v. ) 1:07CV368
) 1:01CR104-1
UNITED STATES OF AMERICA, )
)
        Respondent. )

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Petitioner Travis Orlander Dusenbury, a federal prisoner, has filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. (Docket No. 57.)[1] Petitioner was indicted on one count of possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g) and 924 (e). (Docket No. 1.) He later pled guilty to that charge (Docket Nos. 36, 37) and was sentenced to 190 months of imprisonment (Docket No. 41). Petitioner was sentenced as an armed career offender. (Docket No. 50 at 29.) Petitioner pursued a direct appeal in which he claimed, in part, that his prior convictions did not qualify him as an armed career offender. This argument was rejected by the Fourth Circuit Court of Appeals, which denied his appeal. *United States v. Dusenbury*, 48 Fed. Appx. 914 (4th Cir. Oct. 29, 2002) (unpublished). Petitioner then made several attempts at filing a petition for certiorari; however, he was ultimately unsuccessful. (Docket No. 57 Exs.) He also

---

[1] This and all further cites to the record are to the criminal case.

attempted to have the Fourth Circuit re-enter its judgment so that he could file a petition for certiorari; however, this effort also failed. (*Id.*) Petitioner filed his current motion in this court on May 4, 2007. Respondent has moved to dismiss the motion. (Docket No. 60.) Although represented by counsel, Petitioner has not filed a response to the motion to dismiss. The time for doing so has expired and Respondent's motion is before the court for a decision.

## **DISCUSSION**

The government requests dismissal on the ground that the motion was filed outside of the one-year limitation period imposed by the Antiterrorism and Effective Death Penalty Act of 1996, P.L. 104-132 ("AEDPA"). 28 U.S.C. § 2255. The AEDPA amendments apply to all motions filed under section 2255 after their effective date of April 24, 1996. *Lindh v. Murphy*, 521 U.S. 320 (1997). Interpretations of 28 U.S.C. §§ 2244(d)(1) and 2255 have equal applicability to one another. *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999).

Under subsection one of the portion of section 2255 setting out the limitation period, the limitation period runs from the date when the judgment of conviction became final. Where a petitioner files an appeal, finality has been construed to mean when the petitioner may no longer seek further review because of (1) the denial of a petition for certiorari to the United States Supreme Court; or, (2) the expiration of the time for seeking such review. *Clay v. United States*, 537 U.S. 522 (2003).

Petitioner apparently attempted to file for certiorari, but he was ultimately unsuccessful. Respondent, therefore, states that Petitioner's time began to run 90 days after the Fourth Circuit denied Petitioner's direct appeal on October 29, 2002. Under this calculation, Petitioner would have had until January 28, 2004, to file his motion under section 2255. Obviously, he did not do so, and Respondent concludes that this current motion is time barred.

In making its argument, Respondent does not address Petitioner's attempts at filing a petition for certiorari and whether they affect the filing date for his motion. It is doubtful, however, that any of his failed attempts at filing his petition for certiorari could affect the time period set out in section 2255. Even if they somehow did, Petitioner's motion to the Fourth Circuit seeking re-entry of its judgment represented that those efforts had failed and ceased by at least March 3, 2004. Still, Petitioner did not file his current motion for more than three years after that date. No matter how his time is calculated, Petitioner's motion is untimely under subsection one. Only if another subsection gives Petitioner more time to file will his motion be timely.

Subsection two requires an unlawful governmental action which prevented Petitioner from filing his section 2255 motion. Petitioner fails to allege or show that any unlawful governmental action prevented him from filing this motion; therefore, subsection two does not give Petitioner a longer limitation period.

Subsection three allows the limitation period to run from the date on which the right asserted was initially recognized by the Supreme Court, if that right has been

newly recognized and made retroactively applicable to cases on collateral review. Petitioner does not allege that he is relying upon any such right. This subsection does not apply.

Subsection four allows the limitation period to run from the date on which the facts supporting the claims presented could have been discovered through the exercise of due diligence. Petitioner's motion is based on facts that existed and were known to him at the time he was sentenced. Petitioner's only claim is that the predicate offenses used to establish his status as an armed career offender should not have been counted as crimes of violence under that statute. Petitioner was well aware at the time of his sentencing in 2002 that these were the offenses being used.[2] This subsection, therefore, also does not apply and Petitioner's motion is untimely.

The Fourth Circuit and a number of other courts have held that the one-year limitation period is subject to equitable tolling. *Harris v. Hutchinson*, 209 F.3d 325 (4th Cir. 2000); *Sandvik*, 177 F.3d at 1271 (collecting cases). Equitable tolling may apply when the Petitioner has been unable to assert claims because of wrongful conduct of the government or its officers. A second exception is when there are

---

[2] The nature of Petitioner's argument also provides a separate reason to dismiss Petitioner's motion. He raised the same argument on direct appeal and it was rejected by the Fourth Circuit. Brief of Appellant, *United States v. Dusenbury*, 48 Fed. Appx. 914 (4th Cir. Oct. 29, 2002) (unpublished), 2002 WL 32726041. A motion under section 2255 is not a proper forum to relitigate issues addressed on appeal, *Boeckenhaupt v. United States*, 537 F.2d 1182 (4th Cir. 1976); therefore, Petitioner's motion fails even it is not time-barred.

extraordinary circumstances, such as when events are beyond the prisoner's control and the prisoner has been pursuing his rights diligently. *Pace v. DiGuglielmo*, 544 U.S. 408 (2005); *Harris*, 209 F.3d 325; *Akins v. United States*, 204 F.3d 1086 (11th Cir. 2000). Petitioner has made no argument that equitable tolling applies here and no reason for applying the doctrine is apparent from the record. Petitioner's section 2255 motion is time-barred and without merit.

**IT IS THEREFORE RECOMMENDED** that Respondent's motion to dismiss (Docket No. 60) be **GRANTED**, that Petitioner's motion to vacate, set aside or correct sentence (Docket No. 57) be **DENIED**, and that Judgment be entered dismissing this action.

_____
Wallace W. Dixon
United States Magistrate Judge

Durham, N.C.
October 10, 2007